# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* C.C.,

**No. 22-0447** (Summers County 21-JA-42)

## MEMORANDUM DECISION

Petitioner Father H.C.[1] appeals the Circuit Court of Summers County's May 12, 2022, order terminating his parental rights to C.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September of 2021, after the mother gave birth to C.C., the DHHR filed a petition against her alleging aggravated circumstances due to the prior involuntary terminations of her parental rights in 2018 and 2019 due to her substance abuse. In this case, petitioner was initially given physical custody of the child, but the DHHR removed the child shortly thereafter due to petitioner failing drug screens. In October of 2021, the DHHR filed an amended petition alleging that petitioner voluntarily relinquished his parental rights to the couple's child in the 2019 case due to incarceration and substance abuse and that while serving criminal probation in September of 2021, petitioner tested positive for methamphetamine, tetrahydrocannabinol, fentanyl, and norfentanyl. The DHHR also alleged that petitioner enrolled in inpatient drug treatment in October of 2021. Finally, the DHHR alleged that petitioner had two other children in Maryland for whom he did not provide financial or emotional support.[3]

The circuit court held an adjudicatory hearing in January of 2022, wherein petitioner stipulated to the allegations contained in the petition and moved for a post-adjudicatory

---

[1]Petitioner appears by counsel Joshua D. Brown. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Amy L. Mann appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]For clarification purposes, petitioner was the father of the child involved in the 2019 proceedings but not the 2018 proceedings. Further, the mother was not alleged to be the mother of petitioner's other two children in Maryland.

improvement period. The court accepted petitioner's stipulation and adjudicated him as an abusing parent. The court heard petitioner's motion for an improvement period in February of 2022, during which petitioner appeared by counsel because he was incarcerated for a probation violation. Petitioner proffered that he would enter drug treatment in March of 2022 when he should be released. The DHHR argued against petitioner's motion, stating that petitioner had voluntarily left two other drug rehabilitation programs without completing them and was again incarcerated. The court denied petitioner's motion for an improvement period.

During the May of 2022 final dispositional hearing, the court took judicial notice of the prior cases terminating the mother's parental rights due to her inability to address her substance abuse and petitioner's voluntary relinquishment of his parental rights to C.C.'s sibling in the 2019 case due to petitioner's incarceration and substance abuse. The DHHR moved for the termination of petitioner's parental rights based on his substantial history of substance abuse and inability to address his addiction with interventions and assistance, including three separate drug treatment programs and a sober living facility. The DHHR presented evidence that petitioner had not had contact with C.C. during the proceedings and C.C. had since bonded with a biological sibling in the current foster home. Petitioner testified that he recently enrolled in drug treatment a few weeks prior and that the program would last for nine-to-twelve months. He explained that he had been incarcerated for a total of three months of the proceedings.

Ultimately, the circuit court concluded that petitioner had a substantial history of substance abuse that he had failed to address with interventions, including failing to complete any of the three separate drug treatment programs he attended during the proceedings. The court noted that petitioner had a "long road" to recovery with no employment, no stable housing, and no means to otherwise provide the necessities for the infant C.C. The court noted C.C.'s young age and that he deserved to achieve permanency as quickly as possible. The court found that because there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future, termination was necessary for the child's welfare and that termination was in the child's best interests. Based upon these findings, the court terminated petitioner's parental rights by its May 12, 2022, order, which petitioner now appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying him an improvement period. He contends that the court's choice to terminate his parental rights was "premature." However, petitioner fails to argue that he met his burden for the granting of a post-adjudicatory improvement period. *See* W. Va. Code § 49-4-610(2)(B), in part ("The respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]"). Indeed, the record shows that petitioner was incarcerated during the hearing regarding his motion for an improvement period and that he had voluntarily left two drug rehabilitation programs since September of 2021. Accordingly, we find no merit to petitioner's argument and find that he is entitled to no relief in this regard.

---

[4]The mother's parental rights were also terminated, and the permanency plan for the child is adoption by his foster family.

Petitioner also argues that the circuit court erred in finding there was no reasonable likelihood that he could substantially correct the conditions of neglect or abuse in the near future. However, petitioner puts forth no argument as to how the court erred in coming to this conclusion. Rather, the record supports this finding, as the court considered petitioner's recent 2019 abuse and neglect case due to substance abuse, his stints of incarceration, his inability to complete a drug rehabilitation program during the proceeding, and petitioner's "long road" ahead to fully address his addiction, lack of housing, and lack of employment or other means to care and provide for the child. The court also noted that petitioner was only very recently admitted into a fourth drug treatment facility just prior to the dispositional hearing. Although petitioner argues that the circuit court erred in finding that termination was in the child's best interest, the circuit court weighed the fact that the young child had spent his entire life with the same foster family; had bonded with that family, including a biological sibling; and deserved permanency. The court observed that "the best interests of the child is the polar star by which decisions must be made which affect children" and found that it was not in young C.C.'s best interest to wait and see if petitioner could eventually correct the conditions of abuse and neglect. *Michael K.T. v. Tina L.T.*, 182 W. Va. 399, 405, 387 S.E.2d 866, 872 (1989).

Because the circuit court made the requisite findings, based upon ample evidence, to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood. . . that conditions of neglect or abuse can be substantially corrected"). Indeed, petitioner's inability to properly parent and provide the necessities for a newborn child continued, across two separate abuse and neglect proceedings, due to his substance abuse and criminal behaviors. As such, the evidence overwhelmingly supported the circuit court's findings regarding termination.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 12, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: March 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3